IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANGELOS WASHINGTON )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF TENNESSEE, et al. )<br>    Defendants. ) | Civil Action No. 3:23-cv-00301<br>Judge Trauger/Frensley |

## REPORT AND RECOMMENDATION

This consolidated matter is before the undersigned on the motions of Plaintiff Angelos Washington to amend his complaint and to compel, Docket Nos. 57, 69, 74. Also before the court is Defendants' motion to dismiss. Docket. No. 53. Following review of the record, the undersigned recommends the action be transferred to the Eastern District of Tennessee. In light of the recommendation to transfer, the undersigned will refrain from addressing the remaining pending motions and will reserve them for disposition by the transferee court.

### I.     BACKGROUND

Plaintiff, an inmate who was housed at Bledsoe County Correction Complex (BCCX) at the time of the allegations in his Complaint,[1] brings this pro se action alleging numerous defendants violated his civil rights. Docket No. 1. The Court conducted initial review pursuant to the Prison Litigation Reform Act ("PLRA"), and determined the Complaint set forth colorable Eighth Amendment claims under 42 U.S.C. §1983 against defendants Centurion Health Service, as well as against defendants Dr. Kendra and Dr. Campbell in their individual capacities. Docket No. 8.

---

[1] Plaintiff recently notified the Court that he has been transferred to the Morgan County Correctional Complex (MCCC) and of his change of address. Docket No. 91. The undersigned notes that MCCC is located in the Middle District of Tennessee. Plaintiff's change of address, however, does not change the undersigned's recommendation that transfer of the case to the Eastern District is proper.

The court dismissed all other federal claims Plaintiff asserted in the Complaint. *Id.* The Court also agreed to exercise supplemental jurisdiction over Plaintiff's state law claims against Dr. Kendra and Dr. Campbell in their individual capacities. *Id. T*he Court consolidated the instant action with related case *Angelos Washington v. State of Tennessee, et al*., Case No. 3:23-cv-00365, and granted Plaintiff leave to file a single post-consolidated amended complaint. Docket Nos. 21, 32. Plaintiff did so. Docket No. 33. Various motions followed.

## II.     VENUE

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A court considering the issue of venue must initially determine whether the case falls within one of these three categories. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). "If it does, venue is proper," though the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." *Id.* at 56, 60. "[I]f it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)," i*d.* at 56, which prescribes this outcome for "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

Because all Defendants in the current action are alleged to reside in Tennessee, venue is proper in any district where one of them resides or where a substantial part of the events giving rise to the action occurred. 28 U.S.C. § 1391(b)(1)–(2). All of the individual Defendants are alleged

to reside in Pikeville, Bledsoe County, Tennessee, where they are employed as BCCX medical staff. Docket No. 33, p. 15. Bledsoe County lies within the Eastern District of Tennessee. 28 U.S.C. § 123(a)(3). The Plaintiff was at all relevant times incarcerated at BCCX, where he claims that his medical care was constitutionally inadequate. The sole corporate defendant, Centurion of Tennessee, LLC, ("Centurion"), is alleged to reside within the Middle District of Tennessee. Docket No. 33, p. 15. Plaintiff asserts that the emotional and physical injuries he suffered occurred because of the actions of employees or agents of Centurion while he was in custody at BCCX. *Id.*, p. 12.

It is clear that all of the actions and decisions that gave rise to the Amended Complaint, i.e., the alleged denial of medical care, occurred in the Eastern District. Plaintiff, who is confined to a wheelchair and suffers from Hepatis B and other ailments, alleges various instances of actions or inaction of defendants, including, among other things, refusal to provide wound care supplies, special bedding, certain prescription medicine, and adequate catheter equipment. *Id.*, pp. 2-9. The plaintiff's medical records and the people who generated them are presumably located within the Eastern District. The court also notes defendants' counsel is located in the Eastern District. In sum, other than perhaps being the location of Centurion's principal place of business and the location of Plaintiff's new residence, the Middle District has no apparent connection to the parties or claims in this case.

Though venue is not plainly improper in this District, § 1404(a) permits the transfer of this action "to any other district or division where it might have been brought" if the convenience of parties and witnesses and the interest of justice would be better served by such transfer. 28 U.S.C. § 1404(a); *see Burnett v. Caruso*, No. 10-cv-10749, 2010 WL 1609256, at *1 (E.D. Mich. Apr. 19, 2010).

The decision to transfer an action pursuant to § 1404(a) lies within the broad discretion of the district court. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *see K-Tex, LLC v. Cintas Corp.*, 693 F. App'x 406, 408 (6th Cir. 2017 ). In their motion to dismiss, Defendants argue as an alternative to dismissal that the Court should transfer venue to the Eastern District because all of the events surrounding Plaintiff's cause of action occurred there. Docket No. 54, p. 11. Further, while Plaintiff filed suit in this District, Plaintiff currently does not oppose transfer, and in fact, now seeks transfer. Docket No. 65, p. 5. *Cf. Burnett*, 2010 WL 1609256, at *2. (although a plaintiff's choice of forum is generally given deference, that choice may be defeated, especially in cases when the plaintiff has little or no connection to the chosen forum.). Given the allegations of inadequate medical treatment that occurred at BCCX, and the residence in the Eastern District of the defendants (and outside providers) most immediately responsible for addressing his medical needs, the court in its discretion finds that transfer is appropriate under § 1404(a).

In light of the recommendation to transfer, the undersigned will not address the remaining pending motions and will reserve them for disposition by the transferee court.

### III. CONCLUSION

Accordingly, for the reasons set forth herein,

**IT IS HEREBY RECOMMENDED** that the Clerk **TRANSFER** this action to the United States District Court for the Eastern District of Tennessee, Southern Division.

**IT IS FURTHER RECOMMENED** that all remaining pending motions  Docket Nos. 53, 57, 69, 74, be reserved for disposition by the transferee court.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen

(14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**